IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM PATRICK,

        Plaintiff,

  v.

JUDGE RICHARD MICKELSON,

        Defendant.
_____

Civil No. 05-3035-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

This is a civil action in which plaintiff alleges that defendant violated his rights under the United States Constitution. Defendant Mickelson moves to dismiss plaintiff's complaint (Docket #4).

## I. **FACTS**

In making the following statement of facts, the court views the facts in plaintiff's complaint as true and construes them in the light most favorable to the plaintiff. The following paragraphs paraphrase plaintiff's complaint allegations.

In his complaint plaintiff alleges that he filed a complaint in the Circuit Court of Curry County, Oregon. (Complaint at 2). The Circuit Court Judge on the case was defendant. (Id.). Defendant Judge Mickleson told plaintiff in court that if he did not get an attorney he was not going to use the court. (Id.). Defendant Judge Mickleson discriminated against plaintiff, because plaintiff did not have an attorney, depriving plaintiff of equal protection and due process. (Id. at 3).

## II. LEGAL STANDARDS

Federal courts require notice pleading. A complaint must contain a short and plain statement of the claim showing the party is entitled to relief. Jones v. Community Redevelopment Agency of the City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1983). It must give fair notice and state the elements of the claim plainly and succinctly. Id.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. California Dump Truck Owners Association v. Association of General Contractors of America, San Diego Chapter, Inc., 562 F.2d 607 (9th Cir. 1977). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Sands v. Lewis, 886 F.2d 1166 (9th Cir. 1989); Gorham v. Banovetz, 652 F.2d 750 (8th Cir. 1981).

Pro se plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by lawyers. Gillespie v.

Civiletti, 629 F.2d 673, 640 (9th Cir. 1980). Pro se plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies, unless it clearly appears that the deficiencies cannot be overcome by amendment. Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the court must give the plaintiff a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621 (9th Cir. 1988).

### III. DISCUSSION

Defendant moves to dismiss plaintiff's complaint based on judicial immunity. Judges are immune from damage actions for judicial actions taken within the jurisdiction of their court. Schucker v. Rockwood, 846 F.2d 1202 (9th Cir.), cert. denied, 488 U.S. 995 (1988). It is clear that plaintiff is complaining of acts that Judge Mickelson engaged in while he sat on the bench and conducted court proceedings. Judge Mickelson is entitled to judicial immunity for any such acts.

In addition, this court does not have jurisdiction over plaintiff's state court case, and cannot grant plaintiff the relief requested. Therefore, plaintiff's complaint against Judge Mickelson should be dismissed.

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss (#4) be granted, and a judgment be entered dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____21_____ day of June, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE